IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHARON J. JOHNSON, | ) | 4:06CV3276 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Simply stated, the issue presented for review in this Social Security appeal is whether the plaintiff's physical capacity for work is more limited than was found by the Commissioner. More particularly, the plaintiff claims that greater credence should have been given to (1) the opinions of her family doctor regarding work-related effects of fibromyalgia and (2) her own subjective complaints of pain and fatigue. Having carefully reviewed the administrative record, I will affirm the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g).

## I. BACKGROUND

The plaintiff, Sharon J. Johnson, applied for disability insurance benefits on June 2, 2004, claiming that she became unable to work on October 15, 2003. Johnson has a 12th grade education and was 50 years old on the date of the alleged onset of disability. Her past relevant work included jobs as a bartender, waitress, retail store manager, sales attendant, bench assembler, child care attendant, and receptionist.

Johnson's application was denied initially on August 20, 2004, with the state agency finding that while Johnson had received medical treatment for fibromyalgia, arthritis, back and neck problems, diverticulitis, and breathing problems at night,

these conditions would not prevent Johnson from doing her past work as a sales clerk. (Tr. 28.) The application was denied on reconsideration on November 22, 2004, with the state agency stating that Johnson could return to her past work as a sales clerk despite her complaints of fibromyalgia, sleep disorder, ulcer, right knee problems, and leg and back pain. (Tr. 33.)

At Johnson's request, an administrative hearing was held on March 14, 2006. Testimony was provided by Johnson, who was represented by counsel, and by a vocational expert ("VE") under contract with the Commissioner. The administrative law judge ("ALJ") issued an adverse decision on July 3, 2006.

In her decision, the ALJ evaluated Johnson's claims according to the five-step sequential analysis prescribed by the social security regulations. See 20 C.F.R. § 404.1520. Among other things, she found that (1) Johnson has not engaged in any substantial gainful activity since October 15, 2003, the alleged disability onset date; (2) Johnson has fibromyalgia and osteoarthritis; (3) these impairments in combination are "severe" under the regulations, but they do not meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1; (4) Johnson has the residual functional capacity ("RFC") to perform sedentary work with certain postural limitations, which would permit her to return to her past relevant work as a bench assembler; and (5) Johnson has transferable skills from being a sales manager which would also permit her to work as a semi-skilled cashier. (Tr. 20-21.)

Johnson filed a request for further review by the Appeals Council, which was denied on September 28, 2006. This action was timely filed on November 11, 2006.

## *II. DISCUSSION*

A denial of benefits by the Commissioner is reviewed to determine whether the denial is supported by substantial evidence on the record as a whole. Hogan v.

Apfel, 239 F.3d 958, 960 (8th Cir. 2001). "Substantial evidence" is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. Id., at 960-61; Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000). Evidence that both supports and detracts from the Commissioner's decision must be considered, but the decision may not be reversed merely because substantial evidence supports a contrary outcome. See Moad v. Massanari, 260 F.3d 887, 890 (8th Cir. 2001).

This court must also review the decision of the Commissioner to decide whether the proper legal standard was applied in reaching the result. Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992). Issues of law are reviewed de novo. Olson v. Apfel, 170 F.3d 820, 822 (8th Cir. 1999); Boock v. Shalala, 48 F.3d 348, 351 n.2 (8th Cir. 1995); Smith, 982 F.2d at 311.

The RFC is used at both step four and five of the evaluation process, but it is determined at step four, where the burden of proof rests with the claimant. Goff v. Barnhart, 421 F.3d 785, 793 (8th Cir. 2005). The ALJ must assess a claimant's RFC based on all relevant, credible evidence in the record, including the medical records, observations of treating physicians and others, and an individual's own description of her limitations. Id.

### *A. Treating Physician's Opinion*

Johnson claims that in assessing her RFC the ALJ failed to comply with Social Security Ruling 96-2p,[1] by not giving sufficient weight to a medical source statement

---

[1] This Social Security Ruling emphasizes that:

    1. A case cannot be decided in reliance on a medical opinion without some reasonable support for the opinion.

    2. Controlling weight may be given only in appropriate circumstances to medical opinions, i.e., opinions on the issue(s) of the

3

("MSS") from her family doctor, dated December 10, 2004. The ALJ summarized the MSS (Exhibit 16F (Tr. 265-272)) as follows:

> Delwyn Nagengast, M.D., the claimant's family physician, completed a Fibromyalgia Physical Capacity form in December 2004 indicating that the claimant could lift 10 pounds frequently and 20 pounds occasionally, walk 1 to 2 blocks at a time, stand, walk and/or sit for 1 hour at a time each and about 4 hours total in an 8 hour day and work 2 to 4 hours per day. The doctor also indicated that the claimant must walk around 30 minutes in an 8 hour day for 10 minutes each time and would require shifting positions at will as well as unscheduled breaks every 30 minutes. Dr. Nagengast further noted that the claimant would have to elevate her legs higher than her heart for 20 percent of an 8 hour day. (Exhibit 16F)

(Tr. 17.) Additional opinions expressed by Dr. Nagengast in the MSS were that

---

> nature and severity of an individual's impairment(s), from treating sources.
> 
> 3. Controlling weight may not be given to a treating source's medical opinion unless the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques.
> 
> 4. Even if a treating source's medical opinion is well-supported, controlling weight may not be given to the opinion unless it also is "not inconsistent" with the other substantial evidence in the case record.
> 
> 5. The judgment whether a treating source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the case record requires an understanding of the clinical signs and laboratory findings and what they signify.
> 
> 6. If a treating source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the case record, it must be given controlling weight; i.e., it must be adopted.
> 
> 7. A finding that a treating source's medical opinion is not entitled to controlling weight does not mean that the opinion is rejected. It may still be entitled to deference and be adopted by the adjudicator.

SSR 96-2p, 1996 WL 374188 at *1 (S.S.A., July 2, 1996).

Johnson's fibromyalgia symptoms are severe enough to often interfere with attention and concentration (Tr. 267), that Johnson has a marked limitation in the ability to deal with work stress (Tr. 267), that Johnson has significant limitations in doing repetitive reaching, handling, or fingering, and would only be able to use her hands, fingers, and arms for repetitive activities 50% of the workday (Tr. 270), and that on average Johnson would be absent from work about 3 times a month as a result of her impairments or treatment (Tr. 270).

A treating physician's opinion is generally entitled to substantial weight, see Burress v. Apfel, 141 F.3d 875, 880 (8th Cir. 1998), and must be accorded controlling weight under the regulations if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). The Commissioner's regulations also require "that the adjudicator will always give good reasons in the notice of the determination or decision for the weight given to a treating source's medical opinion(s), i.e., an opinion(s) on the nature and severity of an individual's impairment(s)." SSR 96-2p, 1996 WL 374188 at *5. See Holmstrom v. Massanari, 270 F.3d 715, 720 (8th Cir. 2001) ("Whether the weight accorded the treating physician's opinion by the ALJ is great or small, the ALJ must give good reasons for that weighting."); Singh v. Apfel, 222 F.3d 448, 452 (8th Cir. 2000) ("[W]hether the ALJ grants a treating physician's opinion substantial or little weight, the regulations also provide that the ALJ must 'always give good reasons' for the particular weight given to a treating physician's evaluation."); Prosch, 201 F.3d at 1013 (same).

In this case, the ALJ determined to give "little weight to the restrictions opined by Dr. Nagengast." (Tr. 18.) She explained:

> While [Dr. Nagengast] is the claimant's treating physician, he has basically treated the claimant for acute illnesses, such as stomach pains, sinusitis and pharyngitis, not for fibromyalgia. Very few progress notes mention orthopedic pains. Moreover, his progress notes show very few

5

objective findings and fibromyalgia was discussed in just a few office visits. Also, his opinions appear to be based on the claimant's subjective statements on what she thinks she can and cannot do, rather than objective testing. Even in her testimony at the hearing, she said she "likes to elevate her legs," not that it is medically necessary. In addition, Dr. Nagengast['s] opinions regarding elevation of the legs, attention and concentration, stress, needing to shift positions and absences from work are not supported by substantial medical evidence whatsoever.

(Tr. 18.)

I find that the ALJ's stated reasons for giving Dr. Nagengast's opinions only little weight are legitimate and are sufficiently detailed under the circumstances. While a treating physician's use of a checklist to render medical opinions in Social Security cases is generally acceptable, see Reed v. Barnhart, 399 F.3d 917, 921 (8th Cir. 2005) (The Court of Appeals has "never upheld a decision to discount [a medical source statement] on the basis that the 'evaluation by box category' is deficient ipso facto."), such reports do have their limitations. For example, the Eighth Circuit has upheld an ALJ's decision to discount a treating physician's MSS where the severe limitations listed on the form "stand alone" and were "never mentioned in [the physician's] numerous records of treatment" nor supported by "any objective testing or reasoning which would indicate why the claimant's functioning need be so restricted." See Hogan, 239 F.3d at 961. See also Ellis v. Barnhart, 392 F.3d 988, 995 (8th Cir. 2005) (ALJ properly discounted treating physician's opinion that claimant, who admittedly had chronic hip and back pain, could only stand for 2 hours and sit for 4 hours, and do neither for more than 1 hour at a time, where medical records did not show that the doctor ever ordered or even suggested to claimant that he limit the time that he stood or sat); Strongson v. Barnhart, 361 F.3d 1066, 1071 (8th Cir. 2004) (affirming the ALJ's decision to give little weight to MSS where the completing physician's opinion was "without explanation or support from clinical findings" and "not internally consistent with [his] own treatment notations").

### *B. Claimant's Credibility*

To assess a claimant's credibility, the ALJ must consider all of the evidence, including prior work records and observations by third parties and doctors regarding daily activities, the duration, frequency, and intensity of pain, precipitating and aggravating factors, the dosage, effectiveness, and side effects of medication, and functional restrictions. Lowe v. Apfel, 226 F.3d 969, 971-72 (8th Cir. 2000) (citing Polaski v. Heckler, 739 F.3d 1320, 1322 (8th Cir. 1984). The ALJ may not discount a claimant's complaints solely because they are not fully supported by the objective medical evidence, but the complaints may be discounted based on inconsistencies in the record as a whole. Id. at 972. Where adequately explained and supported, credibility findings are for the ALJ to make. Id. (citing Tang v. Apfel, 205 F.3d 1084, 1087 (8th Cir.2000)).

The ALJ is not required to discuss methodically each Polaski consideration, so long as he acknowledges and examines those considerations before discounting the subjective complaints. Id. (citing Brown v. Chater, 87 F.3d 963, 966 (8th Cir.1996)). Even so, the ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause her to reject the plaintiff's complaints. Masterson v. Barnhart, 363 F.3d 731, 738 (8th Cir. 2004). It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that she considered all of the evidence. Id. at 738-39.

The ALJ's decision in this case cites Polaski and Social Security Ruling 96-7p.[2]

---

[2] Among other things, this ruling states that the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *2 (S.S.A., July 2, 1996).

(Tr. 18.) It also contains an extensive discussion as to why the ALJ determined that Johnson was not fully credible. (Tr. 19.) Without going into unnecessary detail, I conclude that the ALJ considered all of the evidence relevant Johnson's subjective complaints of pain and fatigue under the Polaski standards, and that she made a reasoned credibility determination. I find no reversible error in this regard.

### III. CONCLUSION

For the reasons stated above, I find and conclude that the Commissioner's decision is supported by substantial evidence on the record as a whole and is not contrary to law.

Accordingly,

IT IS ORDERED that the decision of the Commissioner is affirmed. Judgment will be entered by separate document.

May 17, 2007.                               BY THE COURT:

                                            s/ *Richard G. Kopf*
                                            United States District Judge